P1ARDY, Judge.
This is a suit by plaintiff to recover damages to a 1951 Oldsmobile Sedan resulting from a collision between the said automobile driven by his minor son and a Chevrolet pickup truck driven by the minor son of defendant. From judgment rejecting plaintiff’s demands he has brought this-appeal.
The accident occurred at the intersection of Washington and Mark Streets in the Town of Marksville at or about 11:00 o’clock, P.M., on April 18, 1956. Plaintiff’scar, driven by his minor son, was proceeding west on Mark Street and defendant’s truck, driven by his minor son, was moving north on Washington Street. Traffic at the intersection is ordinarily controlled by a signal light but this device was not in operation at the time of the accident. A building at the southeast corner of the intersection somewhat obstructs the view of approaching westbound traffic on Mark Street. While the exact point of the collision is not definitely established, it appears that it was located in the northeast quadrant of the intersection. Photographs introduced in evidence indicate that the left front of the Oldsmobile car struck the right side of the Chevrolet truck at a point slightly behind the right front wheel and that the rear of the automobile then swung to its left and collided with the right body of the truck in a sort of sideswiping movement.
Charges of negligence made by plaintiff against the driver of defendant’s truck, and almost identical counter-charges, represent, an effort on the part of each party to fix the responsibility for negligence upon the other, on grounds of excessive speed, failure to maintain a proper lookout and to exercise adequate control, etc.
The drivers of the vehicles involved were the only eyewitnesses to the accident, and it is clear from a study of their testimony that neither of them made sufficient observation before entering the intersection. Young Coco testified that he did not see the truck before the collision, and the Greenhouse youth testified, by deposition, that he did not see the Coco car until it *507 was within about five feet of his truck. The indisputable effect of this testimony leads to the obvious conclusion that neither •of the drivers was maintaining a proper lookout, nor did .either see what could and should have been seen, for the impact •occurred after the Coco car had traveled .approximately half of the width of Washington Street and the Greenhouse truck bad moved better than half the width of Mark Street into the intersection, each of these distances being approximately 15 feet. For this reason, regardless of the •obstruction to view caused by the building •at the southeast corner of the intersection, each of the drivers could have perceived the approach of the other vehicle in time to have taken some action which might have served to avoid the occurrence of the •collision. It is further obvious, as the result of this testimony, that young Coco •could not have made any estimate of the speed of the truck with which he collided. Young Greenhouse made no effort to fix the speed of the Coco car inasmuch as he did not see the car until immediately before the impact. This witness further testified that he slowed the speed of his truck from about 20 miles per hour as he approached the intersection, shifted into second gear and entered the intersection at a speed which he estimated at approximately' 13 miles per hour; that he made observation to his right along Mark Street; that he could see in this direction for approximately 100 feet, and that he did not observe the approach of any vehicle, whereupon he proceeded to attempt to cross the intersection.
The record does not justify the conclusion that either of the vehicles was traveling at an unreasonable speed. As to the urgently argued dispute with respect to the right-of-way, it suffices to say that neither of the drivers involved, under the circumstances, had any reason to rely upon this protection.
As above stated, we are convinced, from our examination of the record, that the accident resulted from the joint and concurrent negligence of the drivers of the two vehicles in failing to make proper observation and to see that which could and should have been seen.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.